UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. FERNANDEZ, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-01786-DAD-JDP (PC)<br><br>**ORDER**:<br><br>(1) FINDING THAT THE COMPLAINT STATES EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIMS AGAINST THREE "DOE" MEDICAL DEFENDANTS AND AN EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT FERNANDEZ<br><br>(2) DIRECTING PLAINTIFF TO INDICATE WHETHER HE WISHES TO PROCEED WITH CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR DELAY SERVICE AND FILE ANOTHER AMENDED COMPLAINT<br><br>(3) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2 |

Plaintiff, a state prisoner, alleges that three "Doe" defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care, and that defendant Fernandez violated his Eighth Amendment rights by using excessive force against him. These

claims are suitable to proceed. He also claims that defendants Jalaine Davis and G. Brown violated his rights by mishandling his prison grievances related to the alleged violations of his Eighth Amendment rights. These allegations are, for the reasons stated below, non-cognizable. Plaintiff must decide whether to proceed with the claims deemed cognizable or to delay serving any defendant and to file an amended complaint. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on an unspecified date he purposefully swallowed a handful of broken glass. ECF No. 1 at 3. After presenting to medical for assistance, three separate "Doe" medical providers were deliberately indifferent to his needs and failed to offer serious treatment for his condition. *Id.* at 3-5. These allegations are sufficient to state Eighth Amendment medical claims against these defendants, but these defendants cannot be served until they are identified.

In a distinct though arguably related claim, plaintiff alleges that while he was demanding to be seen by medical providers and suffering a mental health crisis, defendant Fernandez used excessive force against him. *Id.* at 6-8. These allegations state a viable Eighth Amendment excessive force claim.

By contrast, plaintiff's allegations that defendants Davis and Brown incorrectly mishandled and rejected his prison grievances, *id.* at 8-10, are non-cognizable. There is no federal right to any particular prison grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff shall, within thirty days of this order's entry, indicate in writing that he intends to proceed only with the medical and excessive force claims identified as viable above, or he must submit an amended complaint. He is advised that if he selects the latter option, the new amended complaint must be complete in itself and that it will entirely supersede his current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). It should be titled "Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days of this order's entry, plaintiff shall either inform the court in writing of his intention to proceed with the claims deemed cognizable in the current complaint, or he shall file an amended complaint.

2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   August 29, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4